| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAYLO TROOPIN CAMP GANGSTER,<br><br>Plaintiff,<br><br>v.<br><br>BEHZAD SABBAGH, et al.,<br><br>Defendants. | Case No. C12-1649-RSL<br><br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action. Dkt. 1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

Although plaintiff's proposed complaint filed on September 28, 2012, is largely undecipherable, plaintiff's action appears to stem from his contention that his prior foster families have stolen his identifying documents, such as his birth certificate, and misused his social security number to collect survivor benefits or proceeds from the sale of real property that he is legally entitled to. Dkt. 1-1 at 3. Specifically, plaintiff asks the Court to order the defendants to provide plaintiff with real property located in Rialto, California, as well as his "I.D. number," social security number, birth certificate, "all moneys from Social Security. . . mother, sister, uncle father, grandfather, grandmother's deaths and benefits from [their] working history," as well as plaintiff's "school records and educational scholarships, vouchers, and moneys." *Id*. at 4.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place any defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for

1    jurisdiction in this Court.  *See* FRCP 8(a).  Though plaintiff asserts in his proposed complaint
2    that he believes various people and entities have wronged him in various ways, plaintiff has
3    failed to provide sufficient facts or details to state a cognizable legal claim against any
4    defendant.  Thus, his proposed complaint appears frivolous.  *See* Dkt. 1-1, Att. 1-4.

### IV.   CONCLUSION

For all of the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

DATED this 5th day of October, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3